1  **JACK J. BOLTAX**
   **STATE BAR NO.: 105490**
2  **1202 KETTNER BLVD, SUITE 6200**
   **SAN DIEGO 92101**
3  **TELE. NO.: (619)-233-5129**
   **FAX NO.: (619)-234-9973**
4  **EMAIL: jboltaxlaw@gmail.com**

5  **ATTORNEY FOR JESUS DIAZ LOPEZ**

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**
   **(WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, | ) Case No.  08-CR- 0991-WQH |
| 2 | Plaintiff, | ) |
| 3 | vs. | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY** |
| 4 | JESUS DIAZ-LOPEZ, | ) |
| 5 | Defendant. | ) Date: 5/12/08<br>) Time: 2:00 p.m. |
| 6 | | ) Dept**:** HON. WILLIAM Q. HAYES |

## STATEMENT OF FACTS AND CASE

On April 1, 2008, Jesus Diaz- Lopez was charged by indictment with violating 8 U.S.C. 1326, Illegally entering the United States, after having been previously deported from the United States to Mexico.  It is also alleged that he had been previously removed from the United States subsequent to January 3, 1995.

On April 1, 2008, Mr. Diaz-Lopez entered a not guilty plea.  Atorney Jack J. Boltax was appointed to represent him.  A motions hearing and trial setting date was scheduled for May 12,2008, before Hon. William Q. Hayes.  To date, defense counsel has received no discovery in this matter.

//

//

### I.

### DEFENDANT IS ENTITLED TO RULE 16 DISCOVERY

Mr. JESUS DIAZ-LOPEZ hereby requests that the government disclose to him all prior statements within the meaning of F. R. C. P. 16, subdivision (A), his prior record pursuant to Rule 16, subdivision (B), any other documents or tangible objects described in Rule 16, subdivision (C), and the summary of any experts the government intends to use at trial as experts pursuant to Rule 16, subdivision (E).

### II.

|   |   |
|---|---|
| 1 | **DEFENDANT IS ENTITLED TO EXCULPATORY** |
| 2 | **EVIDENCE** |

3   The government is obligated to disclose exculpatory evidence. (Brady v. Maryland, 373 U.S.
4 383 (1963). The defendant realizes that the Brady rule is not a discovery rule. (See, United States v.
5 Beasley, 576 F.2d 626, 630 (5th Cir. 1978).) Nevertheless, Brady requires the government to
6 furnish the defendant with all exculpatory information in its possession or reasonably available to it.
7 (Brady v. Maryland, supra, 373 U. S. at 87.) This request includes all information, including a
8 record of prior conviction or prior bad acts, which could be used to impeach any prosecution witness
9 who the government expects will testify at trial.

**III.**

**THE COURT SHOULD ORDER PRETRIAL JENCKS DISCOVERY**

12   The defendant is further entitled to witness statements in accordance with Title 18 U. S. C.
13 Section 3500(a), (b) and (e), the Jencks Act. Notes taken by a federal agent or prosecutor during the
14 statement of any witness are discoverable if the notes were read back to the witness and adopted.
15 (Campbell v. United States, 373 U. S. 487, 492 (1963).) United States v. Sebastian, 497 F.2d 1267
16 (2d Cir. 1974) encourages pretrial Jencks hearings. United States v. Percevault, 490 F.2d 126, 132
17 (2d Cir. 1974) suggests that at such hearings, district judges should establish "a timetable for
18 discovery and for reaching agreements on the scope of disclosure."
19 //
20 //

**IV.**

**ARREST REPORTS, NOTES AND DISPATCH TAPES**

23   Mr. Diaz-Lopez also requests that all arrest reports, notes, and dispatch tapes, videotapes,
24 DVD/DVD-ROMS or any other tapes that relate to the circumstances surrounding his arrest or any
25 questioning be turned over to him.This request includes, but is not limited to any rough notes,
26 records, reports, transcripts or other documents in which statements of the defendant, or any other
27 witness are contained or that contain any other discoverable material. Fed. R. Crim.P. 16(a)(1)(A);
28 Fed. R. Crim. P,(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12 (I); Brady v. Maryland, 373 U.S. 83

1  (1963).

2  Preservation of any rough notes is specifically requested, whether the government deems
3  them discoverable at this time.

## V.

## THE NAMES AND ADDRESSES OF ALL WITNESSES WHETHER
## FAVORABLE OR NOT TO THE DEFENSE AND THEIR STATEMENTS

Mr. Diaz-Lopez requests the names, addresses, telephone number(s) and/or any contact information on any potential witness to this case, including but not limited to any other People or illegal aliens who were arrested and/or detained along with the defendant. Jackson v. Wainwright (5th Cir. 1968) 390 F.2d 288; Chavis v. North Carolina (4th Cir.1980) 637 F.2d 213,224; Jones v. Jago (6th Cir. 1982) 575 F.2d 1164, 1168.

This request includes but is not limited to the disclosure of ant statement relevant to the defense, that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux (9th Cir. 1982) 685 F.2d 1105.  This request also includes any statements by any percipient witnesses. See generally United States v. Thevis (N.D. Ga. 1979) 84 F.R.D. 47.

## VI.

## EVIDENCE AFFECTING A WITNESS' ABILITY TO PERCEIVE,
## RECOLLECT, COMMUNICATE OR TELL THE TRUTH

Mr. Diaz-Lopez request all impeachment evidence, including but not limited to any percipient witness' or potential witness' prior criminal record, medical or psychological report(s) or evaluation(s), tending to show their ability to perceive, recollect, or tell the truth is impaired.  This includes any information about any wiotness' drug use, alcohol use, or addiction to drugs or alcohol or any other controlled substance. United v. Strifler (9th Cir. 1988) 851 F.2d 1197; Chavis v. North Carolina, supra.

## VII.

## EVIDENCE OF PROMISES FOR LENIENCY

Mr. Diaz-Lopez requests that the government provide all statements and/or promises, express or implied, oral or written, made to any government witness in exchange for their testimony in this

1 case. This request also include any and all information that could be used for the impeachment of
2 any government witness. <u>Giglio v. United States</u> (1972) 405 U.S. 150

### VIII.
### DEFENDANT'S PRIOR CRIMINAL RECORD

Pursuant to Fed. R. Crim. P. 16(a)(1)(B) we request all documentation of Mr. Diaz-Lopez' prior criminal record, including the disposition of any of his criminal cases. Fed. R. Evid. 608,609 abd 613; <u>United States v. Strifler</u>, <u>supra</u>; <u>Thomas v. United States</u> (9th Cir. 1965) 343 F.2d 49.

### IX.
### ALL TANGIBLE OBJECTS AND/OR DOCUMENTS INCLUDING
### MR. LOPEZ-DIAZ IMMIGRATION ("A") FILE

Pursuant to Fed. R. Crim. P. 16(a)(2)(C), we request the opportunity to inspect and copy all documents and tangible objects that are material to the defense and that the government intends to use in it's case- in- chief.

Additionally, since the charges against Mr. Diaz-Lopez involve alleged violation of immigration statutes, we request an opportunity to inspect and copy his immigration file, also known as his "A" file. Virtually all documents in this file are relevant to the charges in this case because they pertain to Mr. Lopez-Diaz immigration status. The file is in the government's possession, thus this court should order it produced for inspection and copying by the defense in this case.

//
//

This request also includes the audio tape of any prior removal and/or deportation hearing that Mr. Lopez was the subject of. <u>United States v. Gonzalez-Sandoval</u> (9th Cir. 1980) 894 F.2d 1043, 1051-1052.

### X.
### CONCLUSION

For the foregoing reasons, Mr. Jesus Diaz-Lopez respectfully requests that the court enter an order compelling the disclosure of the evidence described herein.

Date: April 21, 2008          Respectfully submitted,

| | |
|---|---|
| 1 | |
| 2 | /s Jack J. Boltax |
| 3 | JACK J. BOLTAX<br>Attorney for Defendant<br>JESUS DIAZ-LOPEZ |