1 | KAREN P. HEWITT
United States Attorney
2 | RANDY K. JONES
Assistant U.S. Attorney
3 | California State Bar No. 141711
Federal Office Building
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone: (619) 557-5681
randy.jones2@usdoj.gov
6
Attorneys for Plaintiff
7 | United States of America

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0991-WQH |
|---|---|---|
| Plaintiff, | ) | DATE: June 9, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | |
| | ) | **UNITED STATES' RESPONSE AND** |
| JESUS DIAZ-LOPEZ, | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO:** |
| Defendant. | ) | |
| | ) | **1) COMPEL DISCOVERY AND** |
| | ) | **PRESERVE EVIDENCE; AND** |
| | ) | **2) LEAVE TO FILE FURTHER** |
| | ) | **MOTIONS** |
| | ) | |
| | ) | **TOGETHER WITH STATEMENT OF** |
| | ) | **FACTS AND MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES, AND** |
| | ) | **GOVERNMENT'S MOTION FOR** |
| | ) | **RECIPROCAL DISCOVERY** |

21    COMES NOW, the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

22 Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant U.S. Attorney, and hereby files

23 its Response and Opposition to defendant's above-referenced motion, along with Government's Motion

24 for Reciprocal Discovery. Said response is based upon the files and records of the case, together with

25 the attached statement of facts and memorandum of points and authorities.

26 //

27 //

28 //

**I.**

**STATEMENT OF THE CASE**

On April 1, 2008, a federal grand jury returned an indictment charging Defendant Jesus Diaz-Lopez ("DIAZ") with attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b). On April 3, 2008, the Defendant was arraigned on the Indictment and entered a plea of not guilty. The motion hearing is scheduled for June 9, 2008 at 2:00 p.m.

**II**

**STATEMENT OF THE FACTS**

On March 10, 2008, at approximately 5:00 p.m., Border Patrol Agent Monica A. Slack, was performing linewatch duties in an area known as "the 90's". The area is approximately five miles west of the San Ysidro, California Port of Entry and 200 yards north of the United States/Mexico International Boundary fence. Upon arrival to the area, Agent Slack assisted off going agents by searching the area for illegal entries after a seismic sensor activation. After a long search, Agent Slack found five individuals attempting to conceal themselves in some dense brush. Agent Slack approached the five individuals, identified herself as a United States Border Patrol Agent and proceeded to conduct an immigration inspection on the five individuals. All individuals, including one later identified as Defendant DIAZ, admitted to being citizens and nationals of Mexico, illegally present in the United States and not in possession of immigration documents that would allow them to be or remain in the United States legally.

At approximately 5:20 p.m., Agent Slack placed all individuals, including DIAZ, under arrest and they were transported to the Imperial Beach Border Patrol Station for further processing.

**III.**

**ARGUMENT**

A.   DEFENDANT'S MOTION TO COMPEL
     DISCOVERY AND PRESERVE EVIDENCE

The defendant has filed request for discovery and to preserve the evidence in this case. To simplify the response, the various items sought have been broken down into the following categories: (1) items to which the Government has no objection; and (2) items to which the defendant is not entitled.

**(1) Brady Material.** The Government has and will continue to perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002)); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).

Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(2) Any Proposed Rule 404(b) Evidence.** The Government has already provided Defendant with information regarding Defendant's known prior criminal offenses. The Government will disclose in sufficient time advance of trial, the general nature of any "other bad acts" evidence that the

1 Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b). To the extent possible, the
2 Government will provide the Rule 404(b) evidence to Defendant within two weeks prior to trial. The
3 Government will also provide notice of all impeachment evidence by prior criminal convictions as
4 required by Fed. R. Evid. 609.

5 **(3) Request for Preservation of Evidence.** The Constitution requires the Government to
6 preserve evidence "that might be expected to play a significant role in the suspect's defense." California
7 v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence
8 must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2)
9 "be of such a nature that the defendant would be unable to obtain comparable evidence by other
10 reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir.
11 2001).

12 The United States will make every effort to preserve evidence it deems to be relevant and
13 material to this case. Any failure to gather and preserve evidence, however, would not violate due
14 process absent bad faith by the Government that results in actual prejudice to the Defendant. See Illinois
15 v. Fisher, _ U.S._ , 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58
16 (1988); United States v. RIVERA-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031,
17 1037-38 (9th Cir. 2000).

18 **(4) Defendant's Statements.** The Government recognizes its obligation under Rules
19 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and
20 Defendant's written statements. The Government has produced all of Defendant's statements that are
21 known to the undersigned Assistant U.S. Attorney at this date. If the Government discovers additional
22 oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such
23 statements will be provided to Defendant.

24 The Government has no objection to the preservation of the handwritten notes taken by any of
25 the agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must
26 preserve their original notes of interviews of an accused or prospective government witnesses).
27 However, the Government objects to providing Defendant with a copy of the rough notes at this time.
28 Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have

been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined in 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3rd Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

**(5) Tangible Objects.** As previously discussed, the Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

1     **(6) Expert Witnesses.** The Government will comply with Rule 16(a)(1)(G) and provide
2 Defendant with a written summary of any expert testimony that the Government intends to use under
3 Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall
4 include the expert witnesses' qualifications, the expert witnesses opinions, and the bases and reasons
5 for those opinions.

6     **(7) Witness Addresses.** The Government will provide Defendant with the reports containing
7 the names of the agents involved in the apprehension and interviews of Defendant. A defendant in a
8 non-capital case, however, has no right to discover the identity of prospective Government witnesses
9 prior to trial. See Weatherford v. Bursey, 429 U.S. , 545, 559 (1977); United States v. Dishner, 974 F.2d
10 1502, 1522 (9th Cir 1992), citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985); United States
11 v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the Government
12 will provide Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although
13 delivery of such a witness list is not required. See United States v. Discher, 960 F.2d 870 (9th Cir.
14 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

15     The Government objects to any request that the Government provide a list of every witness to
16 the crimes charged who will not be called as a Government witness. "There is no statutory basis for
17 granting such broad requests," and such a request "far exceed[s] the parameters of Rule 16(a)(1)©."
18 United States v. Yung, 97 F. Supp. 2d 24, 36 (D. D.C. 2000), quoting United States v. Boffa, 513 F.
19 Supp. 444, 502 (D. Del. 1980).

20     **(8) Jencks Act Material.** The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government
21 witness has testified on direct examination, the Government must give the Defendant any "statement"
22 (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to
23 the subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks
24 Act is (1) a written statement made by the witness and signed or otherwise adopted or approved by him,
25 (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement,
26 or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). While the Government is
27 only required to produce all Jencks Act material after the witness testifies, the Government plans to
28 provide most (if not all) Jencks Act material well in advance of trial to avoid any needless delays.

**(9) Informants and Cooperating Witnesses.** At this time, the Government is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the Government determines that there is a confidential informant somehow involved in this case, the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection. The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

**(10) Specific Request to View A-Files of Material Witnesses.** As previously discussed, the Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses.

**(11) Residual Request.** The Government will comply with all of its discovery obligations, but objects to the broad and unspecified nature of Defendant's residual discovery request.

    B.    DEFENDANT'S MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS

The Government does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing. The Government requests leave to file additional response and opposition papers in the event the defendant is granted leave to file additional motions.

    C.    GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

    1.    Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16 in his motion for discovery. The Government has voluntarily complied with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule, pertinent portions of which are cited below is applicable:

1    The Government hereby requests the defendant permit the Government to inspect, copy, and
2 photograph any and all books, papers, documents, photographs, tangible objects, or make copies of
3 portions thereof, which are within the possession, custody, or control of the defendant and which he
4 intends to introduce as evidence in his case-in-chief at trial.

5    The Government further requests that it be permitted to inspect and copy or photograph any
6 results or reports of physical or mental examinations and of scientific tests or experiments made in
7 connection with this case, which are in the possession or control of the defendant, which he intends to
8 introduce as evidence-in-chief at the trial or which were prepared by a witness whom the defendant
9 intends to call as a witness. The Government also requests that the Court make such orders as it deems
10 necessary under Rules 16(d)(1) and (2) to insure that the Government receives the discovery to which
11 it is entitled.

    2.    Rule 26.2

13    Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all
14 witnesses, except the defendant. The new rule thus provides for the reciprocal production of Jencks
15 statements. The Government hereby requests that the defendant be ordered to supply all prior
16 statements of defense witnesses by a reasonable date before trial to be set by the Court. This order
17 should include any form these statements are memorialized in, including but not limited to, tape
18 recordings, handwritten or typed notes, and reports.

**IV.**

**CONCLUSION**

For the foregoing reasons, Defendant's motions should be denied.

DATED: May 14, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


s/ Randy K. Jones
RANDY K. JONES
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: randy.jones2@usdoj.gov

| | |
|---|---|
| 1 | KAREN P. HEWITT<br>United States Attorney |
| 2 | RANDY K. JONES<br>Assistant U.S. Attorney |
| 3 | California State Bar No. 141711<br>Federal Office Building |
| 4 | 880 Front Street, Room 6293<br>San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-5684; (619) 557-7381<br>randy.jones2@usdoj.gov |
| 6 | |
| 7 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08cr0991-WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JESUS DIAZ-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of United States' Response and Opposition to Defendant's Motion to: (1) Compel Discovery and (2) Leave to File Further Motions Together with Statement of Facts and Memorandum of Points and Authorities, and Government's Motion for Reciprocal Discovery on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Jack Boltax, jboltaxlaw@gmail.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2008

                                              s/ Randy K. Jones<br>
                                              RANDY K. JONES